IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA )
)
v. ) CASE NO. CR413-007
)
RICARDO JAMAINE CRAWFORD, )
a/k/a Rico, )
)
Defendant. )
)

ORDER

Before the Court is a completed CJA Voucher for Defendant Ricardo Jamaine Crawford's appointed counsel, Mr. Chauncey Napoleon Barnwell, seeking payment under 18 U.S.C. § 3006A(d)(3). In the voucher, Mr. Barnwell seeks $17,656.40 in attorney fees and expenses for his representation of Defendant in this matter. The Court's receipt of this voucher precipitated a certain degree of concern. This was a simple and straightforward case charging Defendant, along with twenty-two co-Defendants, with conspiracy to possess with the intent to distribute, conspiracy to distribute, and unlawful distribution of a controlled substance. In addition, Mr. Barnwell's representation did not include the filing of any substantive motions, instead simply adopting the previously filed motions of several co-defendants, and appears to have primarily focused on negotiating a plea agreement with the

Government. In the Court's experience, Mr. Barnwell's request for fees and expenses exceeds the average CJA voucher for an uncomplicated case that ultimately resulted in his client entering a negotiated guilty plea. Therefore, the Court has conducted a careful review of Mr. Barnwell's request and attached materials, along with the record in this case. As discussed below, the Court concludes that Mr. Barnwell's request is excessive and must be reduced.

In reviewing Mr. Barnwell's request, the Court must be mindful of its obligation to ensure that public funds are used to compensate appointed counsel only for reasonable fees and expenses associated with defending an indigent client. Important is the historical pro bono nature of CJA representation. For many years members of most judicial bars were required to represent indigent defendants without the promise of any compensation from the government. Indeed, the CJA was designed not as a source of profit, but rather "was intended to partially alleviate the financial burden associated with provision of these services which had been traditionally provided pro bono." United States v. Diaz, 802 F. Supp. 304, 307 (C.D. Cal. 1992). In this regard, full compensation for attorneys is and never was the purpose of CJA funding, United States v. Mukhtaar, 2008 WL 2151798, at *2 (S.D.N.Y. May 21, 2008), because "[t]he

spirit of the statute is lost once the CJA representation of indigent defendants loses its essentially pro bono nature," Diaz, 802 F. Supp at 307. While many attorneys view the creation of the CJA as a benefit to indigent defendants, in fact it is the complete opposite. The CJA exists to benefit attorneys by providing them with some low level of compensation for pro bono work for which they would not otherwise receive compensation. Keeping these principles in mind, the Court now turns to Mr. Barnwell's voucher.

After a careful review, the Court concludes that Mr. Barnwell should be paid fees in the amount of $9,800, the maximum[1] allowed under 18 U.S.C. § 3006A(d)(2), and $124.30 in expenses, for a total of $9,924.30, in connection with his representation of Defendant. The Court notes that Mr. Barnwell's representation in this matter met the standard for CJA appointed counsel. In a perfect world, there would be no discrepancy between the amount of compensation counsel receives from retained and indigent clients. This, however, is not the system of which we are a part, requiring the Court to work diligently and scrutinize CJA

---

[1] When asked for a statement justifying the initial request in excess of the maximum, Mr. Barnwell reduced his demand to the maximum permitted for CJA representation. Therefore, waiver of that maximum amount, pursuant to 18 U.S.C. § 3006A(d)(3) is not warranted in this case.

vouchers to ensure that the limited resources set aside for indigent defense remain sufficient to cover future needs.

Finally, the Court commends Mr. Barnwell for his representation of Defendant in this case. The practice of law is one of the three historical learned professions, which were traditionally characterized not only by their specialized training, but also the counsel and service they provided to others outside of the expectation of material gain. The Court is sure Mr. Barnwell would agree that providing competent counsel to indigent defendants absent the availability of any compensation for counsel's pro bono efforts both fits with this tradition and appeals to the highest qualities of character often found wanting in some members of today's legal profession.

SO ORDERED this 5th day of January 2015.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA